IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

FREDDY AGUILERA-QUINJANO,          )
                                   )
                Petitioner,        )
                                   )
          v.                       )      2:85CR98-13
                                   )      1:15CV121
UNITED STATES OF AMERICA,          )
                                   )
                Defendant.         )

## MEMORANDUM OPINION AND ORDER

THOMAS D. SCHROEDER, District Judge.

Before the court is a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 or, in the alternative, petition for writ of audita querela pursuant to the All Writs Act, 28 U.S.C. § 1651(a) filed by Petitioner Freddy Aguilera-Quinjano. (Docs. 1, 2 in case 2:85CR98-13.) For the reasons set forth below, the motion will be denied.

Petitioner was indicted in the Middle District of North Carolina ("MDNC") on July 10, 1985. The superseding indictment charged Petitioner with several drug offenses: conspiring to manufacture and possessing with intent to distribute approximately 204 kilograms of cocaine hydrochloride in violation of 21 U.S.C. § 846 (Count One); manufacturing approximately 200 kilograms of cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1) (Count Five); and possessing with intent to distribute approximately 200 kilograms of cocaine hydrochloride in violation of 21 U.S.C.

§ 841(a)(1) (Count Six). Petitioner pleaded guilty to Count One of the indictment on February 5, 1990. The court sentenced Petitioner on June 25, 1990, to a term of fifteen years imprisonment, to run concurrently with a thirty-year sentence already imposed by the United States District Court for the Northern District of New York ("NDNY") on August 16, 1989.[1] Judgment was entered on July 3, 1990.

Petitioner did not appeal his MDNC conviction and sentence. His present motion, filed January 26, 2015 - some twenty-five years after his conviction – is therefore untimely unless a new one-year limitation period was triggered by one of the events set forth in 28 U.S.C. § 2555(f)(2)-(4).

Petitioner claims that he is timely under 28 U.S.C. § 2255(f)(3), which runs the one-year limitation period from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Petitioner argues that his limitation period

---

[1] For his drug crimes, Petitioner was also sentenced to thirty years imprisonment by the United States District Court for the Southern District of Florida ("SDFL") on July 15, 1989, and to a life sentence by the United States District Court for the Middle District of Pennsylvania ("MDPA") on August 11, 1997, to run consecutively to the prior sentences. Petitioner's NDNY sentence is to run consecutively to his SDFL sentence, meaning that his MDPA life sentence commences sixty years after the beginning of his SDFL sentence. Quinjano v. Hufford, No. 3:11-CV-2254, 2012 WL 3775815, at *1 (M.D. Pa. May 24, 2012), report and recommendation adopted, No. 3:11CV2254, 2012 WL 3775765 (M.D. Pa. Aug. 29, 2012), aff'd, 516 F. App'x 106 (3d Cir. 2013).

began on January 27, 2014, when the Supreme Court decided Burrage
v. United States. 134 S. Ct. 881, 187 L. Ed. 2d 715 (2014).
According to Petitioner, Burrage set forth a "new 'substantive'
change in its jurisprudence, regarding [21 U.S.C.] §§ 846 and
841(a)(1) and their relationship to [21 U.S.C.] § 841(b)." (Doc.
2 at 3.)    Petitioner also contends that under Burrage he was
erroneously sentenced beyond one year of imprisonment because the
controlled substance involved was not identified in the indictment
or found by a jury.    He argues that he is entitled to relief from
the "erroneously imposed" judgment. (Doc. 2 at 2.)  The Government
responded to Petitioner's motion, urging dismissal.    (Doc. 9.)
Petitioner was issued a Roseboro letter notifying him of his right
to file a reply in opposition to the Government's response (Doc.
10), but he has not done so.

Several courts have held that Burrage did not recognize a new
constitutional right made retroactively applicable to cases on
collateral review.[2]  But the court need not definitively decide

---

[2] See Herrera v. Warden, FCC Coleman-USP I, 596 F. App'x 859, 861 (11th
Cir. 2015); Hancock v. United States, No. 2:08-CR-75-JRG-DHI, 2016 WL
4290468, at *8 (E.D. Tenn. Aug. 15, 2016), appeal docketed, No. 16-6504
(6th Cir. Oct. 6, 2016); United States v. Grady, No. 5:10CR0002, 2015
WL 4773236, at *4 (W.D. Va. Aug. 12, 2015), appeal dismissed, 627 F.
App'x 193 (4th Cir. 2015); United States v. Edwards, No. 12-20015-01-
CM, 2015 WL 3793807, at *5 (D. Kan. June 17, 2015); Harrington v. Holland,
No. 14-192-DLB, 2015 WL 2065945, at *3 (E.D. Ky. May 4, 2015); United
States v. Bourlier, Nos. 3:10cr30/MCR/EMT, 3:14cv609/MCR/EMT, 2014 WL
6750674, at *2-3 (N.D. Fla. Dec. 1, 2014); Powell v. United States, No.
3:09CV2141(EBB), 2014 WL 5092762, at *2 (D. Conn. Oct. 10, 2014); Ramseur
v. United States, No. 5:11-CV-00075-RLV, 2014 WL 4854642, at *5 (W.D.N.C.
Sept. 29, 2014)("the [Supreme Court] makes no finding that the Burrage

that question here, because it is patently clear that <u>Burrage</u> has no application to Petitioner's case.

<u>Burrage</u> held that the Controlled Substances Act's twenty-year mandatory minimum sentence for defendants whose distribution of Schedule I or II drugs results in a user's death or serious bodily injury may only be applied when the drug was the but-for cause of the victim's death or injury. 134 S. Ct. at 892. Petitioner was not sentenced under that provision because it was not added to the Controlled Substances Act until after Petitioner's conviction. <u>See</u> <u>Burrage</u>, 134 S. Ct. at 886 (explaining that, before Congress enacted the Anti-Drug Abuse Act, penalties for drug offenses were tied to the type of drug and the quantity involved, with no provision for mandatory minimum sentences); Anti-Drug Abuse Act of 1986, 100 Stat. 3207. Thus, Petitioner's contention that <u>Burrage</u> offers him a new right in this regard is meritless.

In addition, Petitioner's contention – that <u>Burrage</u> somehow helps him because the indictment failed to allege, and no jury found, a drug quantity – is factually and legally wrong. The indictment charged in Count One that the Petitioner "knowingly and intentionally did unlawfully conspire" to manufacture and possess

---

decision would apply retroactively"); <u>Alvarez v. Hastings</u>, No. CV214-070, 2014 WL 4385703, at *4 (S.D. Ga. Sept. 5, 2014); <u>DeLa Cruz v. Quintana</u>, No. 14-28-KKC, 2014 WL 1883707, at *6-7 (E.D. Ky. May 1, 2014); <u>United States v. Solomon</u>, No. 2:05-CR-0350, 2014 WL 3402010, at *1-2 (W.D. Pa. July 10, 2014); <u>but see</u> <u>Santillana v. Upton</u>, 846 F.3d 779, 784 (5th Cir. 2017) (holding that <u>Burrage</u> is retroactively applicable); <u>Krieger v. United States</u>, 842 F.3d 490, 500 (7th Cir. 2016) (same).

with intent to distribute "approximately 204 kilograms of cocaine hydrochloride a Schedule II, narcotic controlled substance, within the meaning of Title 21, United States Code, Section 812," in violation of 21 U.S.C. §§ 841(a)(1) and 846. At the time, the statute had no mandatory minimum and had a maximum penalty of twenty years. Petitioner pleaded guilty to this count under a plea agreement that capped his exposure to twenty years of imprisonment. His arguments that he was convicted by a jury (Doc. 2 at 4-5) are frivolously false. Thus, Petitioner is factually wrong, Burrage does not apply, and there is no other infirmity. See Apprendi v. New Jersey, 530 U.S. 466 (2000).

Finally, Petitioner's attempt to seek alternative relief via a writ for audita querela is meritless. Writs under the All Writs Act are not available to defendants who are entitled to seek relief under § 2255 but whose claims are nevertheless time-barred. Townsend v. United States, 38 F. Supp. 2d 424, 424 (D. Md. 1999).

For the reasons stated, Petitioner's motion is untimely and will be denied.

IT IS THEREFORE ORDERED that Petitioner's motion (Doc. 1) is DENIED and this action is DISMISSED WITH PREJUDICE.

Finding neither a substantial issue for appeal concerning the denial of a constitutional right affecting the conviction nor a debatable procedural ruling, a certificate of appealability is not issued.

/s/   Thomas D. Schroeder
                                   United States District Judge

June 12, 2017